UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDDY HAMILTON | CIVIL ACTION NO. 17-1000 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| LAWNMASTERS OF SHREVEPORT, LLC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Defendant Lawnmasters of Shreveport, LLC's ("Defendant") Motion to Strike Plaintiff Eddy Hamilton's ("Plaintiff") hostile work environment claim. [Record Document 59]. The motion has been fully briefed. [Record Documents 61 & 63]. For the reasons discussed below, Defendant's Motion to Strike is **GRANTED**. Plaintiff's hostile work environment claim is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

## BACKGROUND

This case involves employment discrimination claims. Plaintiff was an accountant at Lawnmasters before his employment was terminated. Record Document 1, ¶ 2. Plaintiff alleges that he was discharged because of race discrimination and in retaliation for reporting race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id.* ¶¶ 15–16. Further, Plaintiff claims that Defendant's President, Jason Wynne ("Wynne"), retaliated against him after Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") by providing prospective employers with negative job references. *Id.* ¶ 18. Additionally, Plaintiff avers that similarly situated white employees were paid more money than him and that Defendant replaced Plaintiff with a white female who made more money than him. *Id.* ¶¶ 5–6, 11, & 14. In Plaintiff's complaint, he details instances of harassment in support of a hostile work environment claim. Plaintiff claims that his co-workers cursed at him and in one particular

1

instance a co-worker called him "Smokey." *Id.* ¶ 7. The sole issue before the Court is whether Plaintiff's charge with the EEOC properly exhausted his hostile work environment claim.[1]

## LAW & ANALYSIS

### I. Legal Standard

Defendant stylizes the present motion as a motion to strike. However, because the motion seeks to dismiss a claim brought by Plaintiff, the Court will construe it as a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Rule 12(b)(6) allows a party to move to dismiss a claim or part of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a Rule 12(b)(6) motion, a court does not evaluate the plaintiff's likelihood for success, but instead determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). In reviewing a Rule 12(b)(6) motion, this Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### II. Failure to Exhaust Hostile Work Environment Claim

Before filing a claim in federal court, plaintiffs alleging Title VII discrimination "must first exhaust their administrative remedies by filing a charge of discrimination with the [EEOC] within a statutorily mandated time period. Administrative exhaustion for Title VII claims is mandatory (but not jurisdictional), and courts will dismiss claims not properly exhausted." *Wiggins v. Golden*

---

[1] Plaintiff filed two charges with the EEOC. The parties only debate the scope of the first charge.
[2] Although the deadline to file dispositive motions has passed, the Court directed the parties to brief the exhaustion issue. *See* Record Document 57, p. 2.

*Corral Corp.*, 802 F. App'x 812, 814 (5th Cir. 2020) (internal quotation marks and citations omitted). In determining whether a claim has been exhausted before the EEOC, a court may expand its inquiry beyond "the scope of the administrative charge itself" to include consideration "of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 379 (5th Cir. 2019) (internal quotation marks and citations omitted). As such, "the crucial element of a charge of discrimination is the factual statement contained therein." *Id.* (internal quotation marks and citations omitted).

The Court must balance two dueling principles when deciding whether Plaintiff has exhausted his administrative remedies. On the one hand, "consistent with the remedial purposes underlying Title VII, [courts] construe employment discrimination charges with the utmost liberality, bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading." *Preston v. Texas Dep't of Family & Protective Servs.*, 222 F. App'x 353, 356 (5th Cir. 2007) (internal quotation marks and citations omitted). On the other hand, "the charge must contain an adequate factual basis so that it puts the employer on notice of the existence and nature of the [claims] and so the EEOC may have an opportunity to attempt to obtain voluntary compliance." *Id.* at 356–57 (internal quotation marks and citations omitted).

Here, Plaintiff's charge of discrimination fails to mention any harassment that could reasonably have put Defendant on notice of a hostile work environment claim. As Plaintiff correctly notes, the EEOC form does not contain a box to check for a hostile work environment claim. However, Plaintiff's factual statement to the EEOC is devoid of any facts that would suggest he was complaining about a hostile work environment. *See* Record Documents 59-3; 59-4; & 61, p. 2. The only part of the factual statement that Plaintiff points to in support of his hostile work environment claim is the following: "Jason Wynne, supervisor, referenced the way I spoke. I spoke

3

to Mr. Wynne about the discriminatory behavior I was subjected to afterwards, he discharged me." Record Document 61, p. 3. However, a hostile work environment claim could not be reasonably expected to grow out of these two sentences. First, Plaintiff does not identify what discriminatory behavior he reported to Wynne, but based on context from the preceding sentences, it likely involved pay disparity and a comment allegedly made by Wynne about the way Plaintiff spoke. *See* Record Document 59-3. Importantly, Plaintiff makes no reference to pervasive conduct, let alone specific instances of co-workers cursing at him or mistreating him. Further, Plaintiff does not identify the co-workers who allegedly mistreated him. Therefore, even construing Plaintiff's statements with the utmost liberality, a hostile work environment claim is not reasonably expected to grow from Plaintiff's charge of discrimination.

Plaintiff argues that the Court should consider "an addendum to his intake questionnaire" that he sent to the EEOC in rebuttal to Defendant's position statement. Record Document 61, p. 3. Plaintiff states that this addendum details "the cursing [and name-calling] his co-workers directed at him." *Id.* Defendant argues that it was never put on notice of the rebuttal to its position statement, and as such, the supplement should not be considered by the Court. Record Document 63, pp. 1–2. Alternatively, Defendant states that even if the Court considers the addendum, it still does not support a hostile work environment claim because Plaintiff only sent it to the EEOC to supplement his existing race discrimination, retaliation, and pay disparity claims. *Id.* at 2–4.

The Court agrees with Defendant's alternative argument, and as such, the Court need not determine the admissibility of the addendum. Here, Plaintiff sent this supplemental letter to the EEOC as a rebuttal to Defendant's position statement. In it, Plaintiff stated that he filed this addendum to defeat summary judgment by showing that Defendant's reason for terminating him was merely pretextual. Record Document 61-2, p. 1. Although Plaintiff referred to multiple

instances of "hostility" by co-workers, it is clear that Plaintiff intended for this evidence to supplement his race discrimination and retaliation claims, not to assert a separate claim for hostile work environment.³ *Id.* at 1–4. When reading Plaintiff's supplemental letter in combination with Plaintiff's charge, the Court concludes that a hostile work environment claim cannot reasonably be expected to grow from the facts presented. *See Williams v. Franciscan Missionaries of Our Lady Health Sys., Inc.*, No. 14-CV-640, 2015 WL 1781562, at *2 (M.D. La. Apr. 15, 2015) (finding that a rebuttal to a position statement did not raise a retaliation claim but merely supplemented the existing claims despite the rebuttal referencing retaliation). Because Plaintiff did not detail his hostile work environment claim in his charge of discrimination or otherwise identify evidence showing that the EEOC investigated his hostile work environment claim, the Court finds that a hostile work environment claim was not presented to the EEOC. Therefore, Plaintiff's hostile work environment claim must be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Strike [Record Document 59] is **GRANTED** and Plaintiff's hostile work environment claim is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**THUS DONE AND SIGNED** this 9th day of March, 2021.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE

---

³ In Plaintiff's own words, he hoped that the attached evidence would "prove that the reason given is just a pretext" and that his "protected status played a role in my termination[] and retaliation charge." Record Document 61-2, p. 1. This makes evident that Plaintiff subjectively viewed his charge as only concerning his termination and the retaliation, not pervasive mistreatment on the job.

5